UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DEXIA SA/NV; DEXIA HOLDINGS, INC.;   :
FSA ASSET MANAGEMENT LLC; DEXIA      :
CRÉDIT LOCAL SA,                     :
                                     :
                Plaintiffs,          :        12 Civ. 4761 (JSR)
                                     :
                                     :        PROTECTIVE ORDER
            -v-                      :
BEAR, STEARNS & CO., INC.; THE       :
BEAR STEARNS COMPANIES, INC.; BEAR   :
STEARNS ASSET BACKED SECURITIES I    :
LLC; EMC MORTGAGE LLC (f/k/a EMC     :
MORTGAGE CORPORATION); STRUCTURED    :
ASSET MORTGAGE INVESTMENTS II        :
INC.; J.P. MORGAN ACCEPTANCE         :
CORPORATION I; J.P. MORGAN           :
MORTGAGE ACQUISITION CORPORATION;    :
J.P. MORGAN SECURITIES LLC (f/k/a    :
JPMORGAN SECURITIES INC.); WAMU      :
ASSET ACCEPTANCE CORP.; WAMU         :
CAPITAL CORP.; WAMU MORTGAGE         :
SECURITIES, JPMORGAN CHASE & CO.,    :
and JPMORGAN CHASE BANK, N.A.        :
                                     :
                Defendants.          :
------------------------------------X

JED S. RAKOFF, U.S.D.J.

        The parties having agreed to the following terms of

confidentiality, and the Court having found that good cause

exists for issuance of an appropriately-tailored confidentiality

order governing the pre-trial phase of this action, it is

therefore hereby

        ORDERED that any person subject to this Order -- including

without   limitation   the   parties   to   this   action,   their

representatives,  agents,  experts  and  consultants,  all  third

parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" (together, "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, marketing plans, confidential trade secrets, or "confidential supervisory information" as defined in 12 C.F.R. §§ 4.32(b), 261.2(c), and 309.6;;

2

(d) any information of a personal or intimate nature regarding any individual;

(e) any "Nonparty Borrower information," which for purposes of this Order shall mean any document that constitutes "nonpublic general information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, et seq., and its implementing regulations, including but not limited to any portion of a mortgage loan file or other document which includes financial or credit information for any person (including any credit history, report or score obtained on such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including name, address, Social Security number, loan number, telephone number, place or position of work.

(f) extracts and summaries of information described in subparagraphs (a)-(d);

(g) extracts and summaries of information described in subparagraph (e) that disclose any financial or credit information for any person together with personally identifiable information with respect to such person, which extracts and summaries shall also be considered Nonparty Borrower Information; or

(h) any other category of information hereinafter given confidential status by the Court.

3

3.   The person producing any given Discovery Material may designate as Highly Confidential only such potion of such material as the person reasonably and in good faith believes contains trade secrets or confidential business strategies, the disclosure of which that person reasonably and in good faith believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers.

4.   With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential [or Highly Confidential] Information Governed by Protective Order" by the

4

reporter. Notwithstanding the foregoing, Nonparty Borrower Information shall be deemed Confidential without further action by the producing party.

5. In order to expedite production of voluminous materials, a party producing any given Discovery Material may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "clawback" procedures in section 15 of this Order or otherwise agreed to. In doing so, the producing party may designate those collections of documents that by their nature contain Confidential or Highly Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, materials reflecting due diligence on loans at issue in the action, or such other categories as the Parties agree to in writing or the Court orders. Notwithstanding the foregoing, a receiving party may at any time challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the producing party agrees, it must promptly notify all receiving parties that it is withdrawing or changing the designation.

5

6.    If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)  the parties to this action;

(b)  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)  in-house legal personnel, including attorneys and non-attorney personnel employed by a party who are directly involved in providing and assisting with the provision of legal advice in connection with this action for the party;

(d)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e)  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this

6

action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) professional vendors, including persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing or processing data in any form or medium) and their employees and subcontractors;

(h) stenographers and/or videographers engaged to transcribe and/or record depositions conducted in this action;

(i) the Court and its support personnel;

(j) special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(k) any other person to whom the producing party agrees to disclose the Confidential Material in writing.

7

8.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to any person permitted to receive Confidential Material identified in paragraph 7, except that Highly Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the persons receiving the Highly Confidential Material other than their counsel and in-house legal personnel as defined in sections 7(b) and (c) and any other person to whom the producing party agrees to disclose the Highly Confidential Material in writing.

9.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(e), (f) or (j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Further, no party, other than the producing party,

will use any Nonparty Borrower Information to communicate with any borrowers therein identified without providing ten days' advance written notice to the producing party and counsel for all other parties.

10.   All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.   The parties will use their best efforts to minimize such sealing.

11.   To the extent any federal or state law governing the disclosure and use of Nonparty Borrower Information permits such disclosure only as required by an order of a court, the producing party's production of Nonparty Borrower Information in accordance with this Order shall constitute compliance with such requirement. To the extent any such laws require a producing or requesting party to give notice to the subject of any Nonparty Borrower Information prior to disclosure, the Court finds that there is good cause to excuse such requirement. Any producing party may take such additional actions or seek additional orders from this Court, which such party believes may be necessary to comply with any federal or state laws governing the disclosure of Nonparty Borrower Information.

12. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential Document or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10

15.   If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection and/or any other applicable privilege or immunity from disclosure ("Inadvertently Disclosed Information") or produces information designated in bulk pursuant to section 5 of this Order ("Bulk Designated Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection and/or any other applicable privilege or immunity from disclosure with respect to the Inadvertently Disclosed Information or the Bulk Designated Information and its subject matter.

16.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17.   Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18.   The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.   The motion shall be filed under seal, and shall

not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

19.   The   disclosing   party   retains   the   burden   of establishing   the   privileged   or   protected   nature   of   any Inadvertently   Disclosed   Information.    Nothing   in   this   Order shall limit the right of any party to request an _in camera_ review of the Inadvertently Disclosed Information.

20.   This Protective Order shall survive the termination of the litigation.   Within 30 days of the final disposition of this action, including any appeals, all Discovery Material designated as Confidential or Highly Confidential and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that this provision shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this action.

21.   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22.   This Order is subject to modification upon the parties' agreement (subject to Court approval) and by Court Order.

SO STIPULATED AND AGREED.

Dated: _September 26, 2012_        Dated: _9/27/12_

**BERNSTEIN LITOWITZ BERGER**    **CRAVATH, SWAINE & MOORE LLP**
**& GROSSMAN LLP**

Timothy A. DeLange               Daniel Slifkin

12481 High Bluff Drive          Worldwide Plaza
Suite 300                        825 Eighth Avenue
San Diego, CA 92130           New York, NY 10019-7475
Tel.: (858) 793-0070           Tel.: (212) 474-1000

*Counsel for Plaintiffs*        *Attorneys for Defendants Bear*
*Dexia SA/NV, Dexia*           *Stearns & Co. Inc. [now known*
*Holdings, Inc., FSA*           *as J.P. Morgan Securities*
*Asset Management LLC,*        *LLC], The Bear Stearns*
*and Dexia Crédit Local SA*     *Companies, Inc. [now known as*
*The Bear Stearns Companies*
*LLC], Bear Stearns Asset*
*Backed Securities I LLC, EMC*
*Mortgage LLC (f/k/a EMC*
*Mortgage Corporation),*
*Structured Asset Mortgage*
*Investments II Inc., J.P.*
*Morgan Acceptance Corporation*
*I, J.P. Morgan Mortgage*
*Acquisition Corporation, J.P.*
*Morgan Securities LLC (f/k/a*
*JPMorgan Securities Inc.),*
*WaMu Asset Acceptance Corp.,*
*WaMu Capital Corp.,*
*Washington Mutual Mortgage*
*Securities Corp., JPMorgan*
*Chase & Co., and JPMorgan*
*Chase Bank, N.A.*

SO ORDERED.

JED (S) RAKOFF, U.S.D.J.

Dated: New York, New York
        September 28, 2012

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
DEXIA SA/NV; DEXIA HOLDINGS, INC.; :
FSA ASSET MANAGEMENT LLC; DEXIA    :
CRÉDIT LOCAL SA,                   :
                                  :
              Plaintiffs,          :     12 Civ. 4761 (JSR)
                                  :
           -v-                     :     Non-Disclosure
BEAR, STEARNS & CO., INC.; THE     :     Agreement
BEAR STEARNS COMPANIES, INC.; BEAR :
STEARNS ASSET BACKED SECURITIES I  :
LLC; EMC MORTGAGE LLC (f/k/a EMC   :
MORTGAGE CORPORATION); STRUCTURED  :
ASSET MORTGAGE INVESTMENTS II      :
INC.; J.P. MORGAN ACCEPTANCE       :
CORPORATION I; J.P. MORGAN         :
MORTGAGE ACQUISITION CORPORATION;  :
J.P. MORGAN SECURITIES LLC (f/k/a  :
JPMORGAN SECURITIES INC.); WAMU    :
ASSET ACCEPTANCE CORP.; WAMU       :
CAPITAL CORP.; WAMU MORTGAGE       :
SECURITIES, JPMORGAN CHASE & CO.,  :
and JPMORGAN CHASE BANK, N.A.      :
                                  :
              Defendants.          :
--------------------------------X

    I, _____, acknowledge that I have read

and understand the Protective Order in this action governing the

non-disclosure of those portions of Discovery Material that have

been designated as Confidential or Highly Confidential.  I agree

that I will not disclose such Confidential or Highly

Confidential Discovery Material to anyone other than for

purposes of this litigation and that at the conclusion of the

litigation I will return all discovery information to the party

or attorney from whom I received it.  By acknowledging these

14

obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____           _____