UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEXIA SA/NV, DEXIA HOLDINGS, INC.,
FSA ASSET MANAGEMENT LLC, and
DEXIA CRÉDIT LOCAL SA,

                    Plaintiffs,

          v.

BEAR, STEARNS & CO. INC., THE BEAR
STEARNS COMPANIES, INC., BEAR
STEARNS ASSET BACKED SECURITIES I
LLC, EMC MORTGAGE LLC (f/k/a EMC
MORTGAGE CORPORATION),
STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC., J.P. MORGAN
ACCEPTANCE CORPORATION I, J.P.
MORGAN MORTGAGE ACQUISITION
CORPORATION, J.P. MORGAN SECURITIES
LLC (f/k/a JPMORGAN SECURITIES INC.),
WAMU ASSET ACCEPTANCE CORP.,
WAMU CAPITAL CORP., WAMU
MORTGAGE SECURITIES, JPMORGAN
CHASE & CO. and JPMORGAN CHASE
BANK, N.A.,

                  Defendants.

ECF Case

Civil Action No. 12-cv-4761 (JSR)

---

## ANSWER TO AMENDED COMPLAINT

        Bear Stearns & Co. Inc. (now known as J.P. Morgan Securities LLC), The Bear

Stearns Companies, Inc. (now known as The Bear Stearns Companies LLC), Bear Stearns Asset

Backed Securities I LLC, EMC Mortgage LLC (f/k/a EMC Mortgage Corporation), Structured

Asset Mortgage Investments II Inc., J.P. Morgan Acceptance Corporation I, J.P. Morgan

Mortgage Acquisition Corporation, J.P. Morgan Securities LLC (f/k/a JPMorgan Securities Inc.),

WaMu Asset Acceptance Corp., WaMu Capital Corp., Washington Mutual Mortgage Securities

Corp., JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Defendants"), by their

undersigned counsel hereby answer each of the numbered paragraphs of Plaintiffs' Amended Complaint filed on May 18, 2012, and assert their affirmative and other defenses thereto.  Except as otherwise expressly set forth below, Defendants deny each and every allegation contained in the Amended Complaint, including without limitation, the headings and subheadings contained in the Amended Complaint.

No answer is required to the introductory materials in the first unnumbered paragraph on page 1 of the Amended Complaint because it contains a generalized summary of the parties to this action.  To the extent a response is required, Defendants deny the allegations of the paragraph, except admit that Plaintiffs purport to bring an action against Defendants and refer to the Amended Complaint for Plaintiffs' purported claims.

No answer is required to the introductory materials in the second unnumbered paragraph on page 1 of the Amended Complaint because it contains generalized comments on the purported evidentiary basis for the Amended Complaint.  To the extent a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the paragraph and deny the allegations of the second and third sentences of the paragraph.

Subject to the foregoing, Defendants answer the Amended Complaint as follows:

1.     Defendants deny the allegations of Paragraph 1.

2.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 2.  Defendants deny the allegations in the second sentence of Paragraph 2, except admit that the Certificateholders' rights are described in the Certificates and Offering Documents and refer to

the Certificates and Offering Documents for their contents.[1]  Defendants state that the allegations

in the third sentence of Paragraph 2 purport to describe certain industry customs and practices

without alleging facts specifically pertaining to Defendants, and Defendants deny that such

allegations set forth a complete and accurate statement either of such industry customs and

practices or of Defendants' own practices; to the extent a further response is required,

Defendants deny the allegations in the third sentence of Paragraph 2.

       3.     Defendants state that the allegations in the first to sixth sentences of

Paragraph 3 purport to describe certain industry customs and practices without alleging facts

specifically pertaining to Defendants, and Defendants deny that such allegations set forth a

complete and accurate statement either of such industry customs and practices or of Defendants'

own practices; to the extent a further response is required, Defendants deny the allegations in the

first to sixth sentences of Paragraph 3.  Defendants deny the allegations in the seventh sentence

of Paragraph 3.

       4.     Defendants deny the allegations of Paragraph 4, except admit that the

various federal regulations mentioned in Paragraph 4 and accompanying Footnote 2 exist and

refer to such federal regulations for their contents.

       5.     Defendants deny the allegations of Paragraph 5, except admit that certain

Defendants are financial institutions and securitized mortgages from 2005 to 2007.

       6.     Defendants deny the allegations in the first, second, third and sixth

sentences of Paragraph 6.  Defendants deny the allegations in the fourth and fifth sentences of

---

[1] For purposes of responding to this and all remaining Paragraphs, Defendants will use the
term "Certificates" to refer only to the RMBS identified in Exhibit A of the Amended Complaint,
and the term "Offering Documents" to refer to the Registration Statements, Prospectuses,

Paragraph 6, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

7.      Defendants deny the allegations of Paragraph 7.

8.      Defendants deny the allegations in the first, second, third, fifth and seventh sentences of Paragraph 8.  Defendants deny the allegations in the fourth and sixth sentences of Paragraph 8, except refer to the purported interview records for their contents.

9.      Defendants deny the allegations in the first and second sentences of Paragraph 9.  Defendants deny the allegations in the third sentence of Paragraph 9, except admit that New York Times published an article titled "A Banker Speaks, With Regret" by Nicholas D. Kristof on November 30, 2011, and refer to the article for its contents.  Defendants deny the allegations in the fourth and fifth sentences of Paragraph 9, except admit that the Permanent Subcommittee on Investigations of the Committee on Homeland Security and Government Affairs of the United States Senate published a majority and minority staff report titled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" on April 13, 2011 (the "Senate Investigation Report") and that the Financial Crisis Inquiry Commission (the "FCIC") published a report titled "The Financial Crisis Inquiry Report" in January 2011 (the "FCIC Report"), and refer to the reports for their contents.

10.     Defendants deny the allegations in the first sentence of Paragraph 10.  Defendants deny the allegations in the second sentence of Paragraph 10, except refer to the purported testimony record for its contents.  Defendants deny the allegations in the third sentence of Paragraph 10, except admit that Plaintiffs purport to bring an action against Defendants.

---

Prospectus Supplements and any other document filed or distributed publicly in connection with the offerings of the Certificates.

11.     Defendants deny the allegations of Paragraph 11, except admit that this Court has jurisdiction over this action.

12.     Defendants deny the allegations of Paragraph 12, except admit that venue is proper in this District.

13.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Defendants state that no response is required for Paragraph 17.

18.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18. Defendants deny the allegations in the second sentence of Paragraph 18.

19.     Defendants deny the allegations of Paragraph 19, except admit that Bear Stearns & Co. Inc. ("BSC") was an SEC-registered broker-dealer with its principal place of business in New York, New York, that BSC was a wholly-owned subsidiary of The Bear Stearns Companies Inc. ("BSCI"), that on or about October 1, 2008, BSC merged with and into J.P. Morgan Securities, Inc., now known as J.P. Morgan Securities LLC, which is the successor-in-interest to BSC and that BSC's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

20.     Defendants deny the allegations of Paragraph 20, except admit that EMC Mortgage LLC ("EMC") is a Delaware corporation with its principal place of business in Lewisville, Texas, that EMC was a wholly-owned subsidiary of BSCI, now known as The Bear Stearns Companies LLC ("BSCL"), which is now a wholly-owned subsidiary of JPMorgan Chase & Co., that JPMorgan Chase & Co. is a successor-in-interest to BSCL and that EMC's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

21.     Defendants deny the allegations of Paragraph 21, except admit that Structured Asset Mortgage Investments II Inc. ("SAMI II") is a Delaware corporation with its principal place of business in New York, New York, that SAMI II was a wholly-owned subsidiary of BSCI, now known as The Bear Stearns Companies LLC, which is now a wholly-owned subsidiary of JPMorgan Chase & Co., that JPMorgan Chase & Co. is a successor-in-interest to BSCL and that SAMI II's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

22.     Defendants deny the allegations of Paragraph 22, except admit that Bear Stearns Asset Backed Securities I LLC ("BSABS I") is a Delaware corporation with its principal place of business in New York, New York, that BSABS I was a wholly-owned subsidiary of BSCI, now known as The Bear Stearns Companies LLC, which is now a wholly-owned subsidiary of JPMorgan Chase & Co., that JPMorgan Chase & Co. is a successor-in-interest to BSCL and that BSABS I's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

23.     Defendants deny the allegations of Paragraph 23, except admit that BSCI was a Delaware corporation with its principal place of business in New York, New York, that

BSCI was the parent of BSABS I, EMC and SAMI II, that BSCI, now known as The Bear Stearns Companies LLC, is now a wholly-owned subsidiary of JPMorgan Chase & Co. and that JPMorgan Chase & Co. is a successor-in-interest to BSCL.

24.     Defendants state that no response is required for Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25, except admit that JPMorgan Chase & Co. is Delaware corporation with its principal place of business in New York, New York, that JPMorgan Chase & Co. is the parent of JPMorgan Chase Bank, N.A. ("JPMCBNA"), J.P. Morgan Securities LLC ("JPMSL"), formerly known as J.P. Morgan Securities Inc., J.P. Morgan Acceptance Corporation I ("JPMAC I") and J.P. Morgan Mortgage Acquisition Corp. ("JPMMAC") and that JPMorgan Chase & Co. is a successor-in-interest to BSCL.

26.     Defendants deny the allegations of Paragraph 26, except admit that JPMorgan Chase Bank, N.A. is a national banking association, that JPMCBNA is a subsidiary of JPMorgan Chase & Co., that JPMCBNA indirectly owns JPMMAC and that JPMCBNA has its main office in Columbus, Ohio.

27.     Defendants deny the allegations of Paragraph 27, except admit that JPMSL, formerly known as J.P. Morgan Securities Inc., is a Delaware corporation with its principal place of business in New York, New York, that JPMSL is a SEC-registered broker-dealer, that JPMSL is indirectly owned by JPMorgan Chase & Co and that JPMSL's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

28.     Defendants deny the allegations of Paragraph 28, except admit that JPMMAC is a Delaware corporation with its principal place of business in New York, New

York, that JPMMAC is a direct, wholly-owned subsidiary of JPMCBNA and that JPMMAC's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

29.    Defendants deny the allegations of Paragraph 29, except admit that JPMAC I is a Delaware corporation with its principal place of business in New York, New York, that JPMAC I is a direct, wholly-owned subsidiary of J.P. Morgan Securities Holdings LLC, which is a direct, wholly-owned subsidiary of JPMorgan Chase & Co. and that JPMAC I's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

30.    Defendants state that no response is required for Paragraph 30.

31.    Defendants deny the allegations of Paragraph 31, except admit that WaMu Capital Corporation ("WCC") was an SEC-registered broker-dealer incorporated in Washington with its principal place of business in Seattle, Washington, that WCC was a wholly-owned subsidiary of Washington Mutual Bank, that it is now a wholly-owned subsidiary of JPMCBNA and that WCC's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

32.    Defendants deny the allegations of Paragraph 32, except admit that WaMu Asset Acceptance Corporation ("WMAAC") was a Delaware corporation with its principal place of business in Seattle, Washington, that WMAAC was a wholly-owned subsidiary of Washington Mutual Bank, that WMAAC is a wholly-owned subsidiary of JPMCBNA and that WMAAC's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

8

33.     Defendants deny the allegations of Paragraph 33, except admit that WaMu Mortgage Securities Corporation ("WMMSC") was a Delaware corporation with its principal place of business in Seattle, Washington, that WMMSC was a wholly-owned subsidiary of Washington Mutual Bank, that WMMSC is a wholly-owned subsidiary of JPMCBNA and that WMMSC's role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

34.     Defendants state that no response is required for Paragraph 34.

35.     Defendants state that the allegations of Paragraph 35 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 35.

36.     Defendants state that the allegations of Paragraph 36 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 36.

37.     Defendants state that the allegations of Paragraph 37 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 37.

38.     Defendants state that the allegations of Paragraph 38 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 38.

39.     Defendants state that the allegations in the first to third sentences of Paragraph 39 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the first to third sentences of Paragraph 39.  Defendants deny the allegations in the fourth sentence of Paragraph 39, except admit that the credit ratings of the Certificates are described in the Offering Documents and refer to the Offering Documents for their contents.

40.     Defendants state that the allegations of Paragraph 40 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 40.

41.     Defendants state that the allegations in the first and second sentences of Paragraph 41 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the

first and second sentences of Paragraph 41.  Defendants deny the allegations in the third and fourth sentences of Paragraph 41, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

42.     Defendants deny the allegations in the first sentence of Paragraph 42, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.  Defendants deny the allegations in the second sentence of Paragraph 42, except admit that the FCIC published a report titled "The Financial Crisis Inquiry Report" in January 2011 and refer to the report for its contents.

43.     Defendants state that the allegations of Paragraph 43 and the accompanying chart purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in of Paragraph 43 and the accompanying chart.

44.     Defendants deny the allegations of Paragraph 44, except admit that Defendants' securitization activity in connection with the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

45.     Defendants deny the allegations of Paragraph 45 and the accompanying Table 1, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

46.     Defendants deny the allegations of Paragraph 46, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

47.     Defendants deny the allegations in the first and second sentences of Paragraph 47, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants deny the allegations in the third sentence of Paragraph 47, except refer to the purported 2006 Annual Report for its contents.

48.     Defendants deny the allegations in the first sentence of Paragraph 48, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue. Defendants state that the allegations in the second to fifth sentences of Paragraph 48 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the second to fifth sentences of Paragraph 48.

49.     Defendants deny the allegations in the first, second, fourth sentences of Paragraph 49, except admit that certain Defendants engaged third-parties to conduct due diligence in connection with the securitizations at issue. Defendants deny the allegations in the third and fifth sentences of Paragraph 49, except refer to the purported testimony records for their contents. Defendants deny the allegations in the sixth sentence of Paragraph 49, except state that they are without knowledge or information sufficient to form a belief as to the truth of

the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

      50.     Defendants deny the allegations of Paragraph 50.

      51.     Defendants deny the allegations in the first sentence of Paragraph 51, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 51.  Defendants deny the allegations in the third, fourth and sixth sentences of Paragraph 51. Defendants deny the allegations in the fifth sentence of Paragraph 51, except admit that the Attorney General of Massachusetts released a letter to the Secretary of the Securities and Exchange Commission (the "SEC") regarding "Securities and Exchange Commission's Proposed Rule Concerning Asset-Backed Securities, Release Nos. 33-9117; 34-61858; File Number S7-08-10" dated August 2, 2010, and refer to the letter for its contents.

      52.     Defendants deny the allegations of Paragraph 52, except admit that a Prospectus Supplement was issued in connection with BALTA 2006-4 for its contents and that EMC's securitization activity in connection with the securitizations at issue is described in the Offering Documents, and refer to the Prospectus Supplement for BALTA 2006-4 and Offering Documents for their contents.

      53.     Defendants deny the allegations of Paragraph 53 and the accompanying Table 2, except admit that EMC' role in the securitizations at issue is described in the Offering Documents and refer to the Offering Documents for their contents.

      54.     Defendants deny the allegations in the first and second sentences of Paragraph 54, except admit that EMC' role in the securitizations at issue is described in the

Offering Documents and refer to the Offering Documents for their contents.  Defendants deny

the allegations in the third sentence of Paragraph 54, except refer to the purported testimony

record for its contents.

      55.     Defendants deny the allegations in the first and second sentences of

Paragraph 55.  Defendants state that the allegations in the third sentence of Paragraph 55 purport

to describe certain industry customs and practices without alleging facts specifically pertaining to

Defendants, and Defendants deny that such allegations set forth a complete and accurate

statement either of such industry customs and practices or of Defendants' own practices; to the

extent a further response is required, Defendants deny the allegations in the third sentence of

Paragraph 55.

      56.     Defendants deny the allegations of Paragraph 56.

      57.     Defendants deny the allegations in the first sentence of Paragraph 57.

Defendants deny the allegations in the second to fourth sentences of Paragraph 57, except refer

to the purported emails for their contents.  Defendants deny the allegations in the fifth sentence

of Paragraph 57, except admit that The Atlantic published an article titled "More Corruption:

Bear Stearns Falsified Information as Raters Shrugged" on May 14, 2010, and refer to the article

for its contents.

      58.     Defendants deny the allegations of Paragraph 58, except refer to the

purported interview transcripts for its contents.

      59.     Defendants deny the allegations in the first and second sentences of

Paragraph 59, except admit that certain Defendants made representations in connection with the

securitizations at issue in the Offering Documents and refer to the Offering Documents for their

contents. Defendants deny the allegations in the third sentence of Paragraph 59, except refer to the purported conference call record for its contents.

60.      Defendants deny the allegations in the first and third sentences of Paragraph 60. Defendants deny the allegations in the second sentence of Paragraph 60, except admit that the Wall Street Journal published an article titled "Bear Naked Lenders" on March 18, 2008, and refer to the article for its contents.

61.      Defendants deny the allegations in the first and second sentences of Paragraph 61, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants deny the allegations in the third to fifth sentences of Paragraph 61, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

62.      Defendants deny the allegations in the first and second sentences of Paragraph 62. Defendants deny the allegations in the third sentence of Paragraph 62, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

63.      Defendants deny the allegations in the first and second sentences of Paragraph 63. Defendants deny the allegations in the third sentence of Paragraph 63, except refer to the purported statement record for its contents.

64.     Defendants deny the allegations in the first sentence of Paragraph 64. Defendants deny the allegations in the second sentence of Paragraph 64, except refer to the purported testimony record for its contents.

65.     Defendants deny the allegations in the first sentence of Paragraph 65. Defendants deny the allegations in the second sentence of Paragraph 65, except refer to the purported email for its contents.  Defendants deny the allegations in the third sentence of Paragraph 65, except refer to the purported testimony record for its contents.

66.     Defendants deny the allegations in the first to third sentences of Paragraph 66, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the fourth sentence of Paragraph 66, except refer to the purported statement record for its contents.

67.     Defendants deny the allegations of Paragraph 67, except refer to the purported internal audit reports for their contents.

68.     Defendants deny the allegations in the first sentence of Paragraph 68. Defendants deny the allegations in the second sentence of Paragraph 68, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the third sentence of Paragraph 68, except refer to the purported email for its contents.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations in the first and third sentences of Paragraph 71. Defendants deny the allegations in the second and fourth sentences of Paragraph 71, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

72.     Defendants deny the allegations in the first, second, third and fifth sentences of Paragraph 72, except refer to the purported reports for their contents. Defendants deny the allegations in the fourth sentence of Paragraph 72, except refer to the purported interview record for its contents.

73.     Defendants deny the allegations in the first sentence of Paragraph 73. Defendants deny the allegations in the second sentence of Paragraph 73, except refer to the purported data for its contents. Defendants deny the allegations in the third sentence of Paragraph 73, except refer to the purported interview record for its contents.

74.     Defendants deny the allegations in the first, third and fourth sentences of Paragraph 74. Defendants deny the allegations in the second sentence of Paragraph 74, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

75.     Defendants deny the allegations in the first to third sentences of Paragraph 75. Defendants deny the allegations in the fourth to sixth sentences of Paragraph 75, except refer to the purported interview record for its contents.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations in the first, third and fourth sentences of Paragraph 79. Defendants deny the allegations in the second sentence of Paragraph 79, except refer to the purported documents and testimony for their contents.

80.     Defendants deny the allegations of Paragraph 80 and the accompanying Table 3, except admit that delinquency, foreclosure, bankruptcy and repossession in the mortgage loans backing the securitizations at issue are described in the monthly remittance reports for the securitizations made available to investors by the trustee and refer to the monthly remittance reports for their contents.

81.     Defendants deny the allegations of Paragraph 81 and the accompanying Table 4, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

82.     Defendants deny the allegations of Paragraph 82, except refer to the purported memorandum for its contents.

83.     Defendants deny the allegations of Paragraph 83, except refer to the purported memorandum for its contents.

84.     Defendants deny the allegations in the first sentence of Paragraph 84, except refer to the purported board resolution for its contents. Defendants deny the allegations in the second to fourth sentences of Paragraph 84.

85.     Defendants deny the allegations in the first and second sentences of Paragraph 85. Defendants deny the allegations in the third sentence of Paragraph 85, except refer to the purported memorandum for its contents.

86.     Defendants deny the allegations in the first and third sentences of Paragraph 86. Defendants deny the allegations in the second sentence of Paragraph 86, except refer to the purported statement record for its content. Defendants deny the allegations in the fourth sentence of Paragraph 86, except refer to the purported internal audit report for its contents.

87.     Defendants deny the allegations in the first sentence of Paragraph 87. Defendants deny the allegations in the second sentence of Paragraph 87, except refer to the purported internal audit report for its contents.

88.     Defendants deny the allegations in the first and second sentences of Paragraph 88. Defendants deny the allegations in the third sentence of Paragraph 88, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

89.     Defendants deny the allegations of Paragraph 89, except refer to the purported presentation record for its contents.

90.     Defendants deny the allegations of Paragraph 90, except refer to the hearing transcript for its contents.

91.     Defendants deny the allegations in the first and second sentences of Paragraph 91, except admit that the Permanent Subcommittee on Investigations of the Committee on Homeland Security and Government Affairs of the United States Senate published

a majority and minority staff report titled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" on April 13, 2011, and refer to the report for its contents.  Defendants deny the allegations in the third and forth sentences of Paragraph 91, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

92.   Defendants deny the allegations of Paragraph 92, except admit that the New York Times published an article titled "Saying Yes, WaMu Built Empire on Shaky Loans" on December 27, 2008, and refer to the article for its content.

93.   Defendants state that the allegations of Paragraph 93 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 93.

94.   Defendants deny the allegations of Paragraph 94.

95.   Defendants deny the allegations of Paragraph 95, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

96.   Defendants deny the allegations in the first and second sentences of Paragraph 96.  Defendants deny the allegations in the third sentence of Paragraph 96, except state that they are without knowledge or information sufficient to form a belief as to the allegations regarding whether Mr. David Cassese made the statements attributed to him.

Defendants deny the allegations in the fourth sentences of Paragraph 96, except refer to the purported deposition transcript for its contents.

97.    Defendants deny the allegations of Paragraph 97, except refer to the purported email for its contents.

98.    Defendants deny the allegations in the first sentence of Paragraph 98, except refer to the purported email for its contents.  Defendants deny the allegations in the second sentence of Paragraph 98, except refer to the purported testimony record for its contents.

99.    Defendants deny the allegations in the first sentence of Paragraph 99. Defendants deny the allegations in the second and third sentences of Paragraph 99, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the fourth sentence of Paragraph 99, except refer to the purported internal documents for their contents.

100.    Defendants deny the allegations in the first sentence of Paragraph 100. Defendants deny the allegations in the second and third sentences of Paragraph 99, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the fourth sentence of Paragraph 99, except refer to the purported documents for their contents.

101.    Defendants deny the allegations in the first, second, third and ninth sentences of Paragraph 101, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the

allegations in the fourth to seventh sentences of Paragraph 101, except refer to the purported testimony record for its contents.  Defendants deny the allegations in the eighth sentence of Paragraph 101.

102.    Defendants deny the allegations in the first sentence of Paragraph 102. Defendants deny the allegations in the second sentence of Paragraph 102, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the third sentence of Paragraph 102, except refer to the purported testimony record for its contents.

103.    Defendants deny the allegations in the first and second sentences of Paragraph 103.  Defendants deny the allegations in the third sentence of Paragraph 103, except admit that the New York Attorney General filed a complaint against First American Corporation and First American eAppraiseIT in the Supreme Court of New York, New York County, on November 1, 2007 (Case No. 406796/07), and refer to the complaint for its contents.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

106.    Defendants deny the allegations of Paragraph 106, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

107.    Defendants deny the allegations of Paragraph 107, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

108.    Defendants deny the allegations in the first and second sentences of Paragraph 108. Defendants deny the allegations in the third to fifth sentences of Paragraph 108, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

109.    Defendants deny the allegations of Paragraph 109, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

110.    Defendants deny the allegations of Paragraph 110, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

111.    Defendants deny the allegations of Paragraph 111, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

112.    Defendants deny the allegations of Paragraph 112, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

113.    Defendants deny the allegations of Paragraph 113, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

114.     Defendants deny the allegations of Paragraph 114, except, to the extent the allegations are based on the Senate Investigation Report, admit that the report was published and refer to the report for its contents.

115.     Defendants deny the allegations of Paragraph 115, except admit that Offering Documents were issued in connection with WMALT 2007-OC2 and WMHE 2007-HE2 and refer to the Offering Documents for WMALT 2007-OC2 and WMHE 2007-HE2 for their contents.

116.     Defendants deny the allegations of Paragraph 116.

117.     Defendants deny the allegations of Paragraph 117 and the accompanying Table 5, except admit that delinquency, foreclosure, bankruptcy and repossession in the mortgage loans backing the securitizations at issue are described in the monthly remittance reports for the securitizations made available to investors by the trustee and refer to the monthly remittance reports for their contents.

118.     Defendants deny the allegations of Paragraph 118 and the accompanying Table 6, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

119.     Defendants deny the allegations of Paragraph 119.

120.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 120. Defendants deny the allegations in the third sentence of Paragraph 120. Defendants deny the allegations in the fourth sentence of Paragraph 120, except refer to the purported 2005 Annual Report for its contents.

121.    Defendants deny the allegations of Paragraph 121, except refer to the purported 2005 Annual Report mentioned in Paragraph 120 for its contents.

122.    Defendants deny the allegations of Paragraph 122, except refer to the purported testimony record for its contents.

123.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 123. Defendants deny the allegations in the second sentence of Paragraph 123, except refer to the purported 2006 Annual Report for its contents.

124.    Defendants deny the allegations in the first sentence of Paragraph 124. Defendants deny the allegations in the second sentence of Paragraph 124, except refer to the purported 2006 Annual Report for its contents.

125.    Defendants deny the allegations in the first sentence of Paragraph 125. Defendants deny the allegations in the second sentence of Paragraph 125, except admit that Bloomberg published an article titled "Billionaire Blavatnik Takes on JPMorgan Over $98 Million Loss" on February 17, 2010, and refer to the article for its contents.  Defendants deny the allegations in the third sentence of Paragraph 125, except admit that the Fortune Magazine published an article titled "Jamie Dimon's SWAT Team" on September 2, 2008, and refer to the article for its contents.

126.    Defendants deny the allegations of Paragraph 126.

127.    Defendants deny the allegations in the first to third sentences of Paragraph 127. Defendants deny the allegations in the fourth to seventh sentences of Paragraph 127, except admit that New York Times published an article titled "A Banker Speaks, With Regret" on November 30, 2011, and refer to the article for its contents.

128.    Defendants deny the allegations of Paragraph 128, except refer to the purported testimony record for its contents.

129.    Defendants deny the allegations of Paragraph 129, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

130.    Defendants deny the allegations in the first sentence of Paragraph 130. Defendants deny the allegations in the second sentence of Paragraph 130, except refer to the purported memorandum for its contents. Defendants deny the allegations in the third sentence of Paragraph 130, except admit that The Oregonian published an article titled "Chase Mortgage Memo Pushes 'Cheats & Tricks'" on March 27, 2008, and refer to the article for its contents.

131.    Defendants deny the allegations of Paragraph 131, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

132.    Defendants deny the allegations in the first sentence of Paragraph 132. Defendants deny the allegations in the second to fifth sentences of Paragraph 132, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

133.    Defendants deny the allegations of Paragraph 133, except refer to the purported records of Mr. Barry Zubrow's and Mr. Jamie Dimon's testimony for their contents.

134.     Defendants deny the allegations of Paragraph 134, except refer to the purported annual letter for its contents.

135.     Defendants deny the allegations in the first sentence of Paragraph 135. Defendants deny the allegations in the second and third sentences of Paragraph 135, except admit that New York Times published an article titled "A Banker Speaks, With Regret" on November 30, 2011, and refer to the article for its contents.

136.     Defendants deny the allegations in the first sentence of Paragraph 136. Defendants deny the allegations in the second sentence of Paragraph 136, except, to the extent that the allegations are based on the New York Times article "A Banker Speaks, With Regret" on November 30, 2011, admit that the article was published and refer to the article for its contents.

137.     Defendants deny the allegations of Paragraph 137, except, to the extent that the allegations are based on the FCIC Report, admit that the report was published and refer to the report for its contents.

138.     Defendants deny the allegations in the first sentence of Paragraph 138, except admit that originators for the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants deny the allegations in the second sentence of Paragraph 138.

139.     Defendants deny the allegations of Paragraph 139.

140.     Defendants deny the allegations of Paragraph 140 and the accompanying Table 7, except admit that delinquency, foreclosure, bankruptcy and repossession in the mortgage loans backing the securitizations at issue are described in the monthly remittance reports for the securitizations made available to investors by the trustee and refer to the monthly remittance reports for their contents.

141.    Defendants deny the allegations of Paragraph 141 and the accompanying Table 8, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

142.    Defendants deny the allegations of Paragraph 142.

143.    Defendants deny the allegations of Paragraph 143, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

144.    Defendants deny the allegations of Paragraph 144.

145.    Defendants deny the allegations of Paragraph 145, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

146.    Defendants deny the allegations of Paragraph 146, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue, that certain Defendants received fees in connection with the securitizations at issue and that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

147.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth and fifth sentences of Paragraph 147.  Defendants deny the allegations in the second sentence of Paragraph 147, except admit that certain Defendants conducted due diligence in connection with securitizations at issue. Defendants deny the allegations in the sixth sentence of Paragraph 147.

148.    Defendants deny the allegations of Paragraph 148, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue, that

certain Defendants received fees in connection with the securitizations at issue and that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

151.    Defendants deny the allegations of Paragraph 149, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.

150.    Defendants deny the allegations in the first sentence of Paragraph 150, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue and that that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second to sixth sentences of Paragraph 150.

151.    Defendants state that the allegations in Paragraph 151 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 151.

152.    Defendants deny the allegations of Paragraph 152.

153.    Defendants deny the allegations in the first, third and fourth sentences of Paragraph 153. Defendants deny the allegations in the second sentence of Paragraph 153, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 153. Defendants deny the allegations in the sixth sentence of

Paragraph 153, except admit that certain Defendants conducted due diligence in connections with the securitizations at issue.

154.    Defendants deny the allegations in the first and second sentences of Paragraph 154, except admit that Offering Documents were issued in connection with BSABS 2006-IM1 and SACO 2006-2 and refer to the Offering Documents for BSABS 2006-IM1 and SACO 2006-2 for their contents.  Defendants state that the allegations in the third sentence of Paragraph 154 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 154.

155.    Defendants deny the allegations in the first sentence of Paragraph 155, except admit that Offering Documents were issued in connection with IMSA 2006-2, IMM 2007-A and IMSA 2007-3 and refer to the Offering Documents for IMSA 2006-2, IMM 2007-A and IMSA 2007-3 for their contents.  Defendants state that the allegations in the second sentence of Paragraph 154 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 154.

156.    Defendants deny the allegations of Paragraph 156, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 156.

157.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157.

158.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158.

159.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159, except refer to the purported testimony record for its contents.

160.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160, except refer to the purported testimony record for its contents.

161.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161, except refer to the purported testimony record for its contents.

162.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third and fifth sentences of Paragraph 162. Defendants deny the allegations in the fourth sentence of Paragraph 162, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

163.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163, except admit that the Miami Herald published an article titled "Legacy of Tainted Home Loans: Vacancy, Vandalism, Foreclosure; Hundreds of MiamiDade Homes Financed by a Now Imprisoned Lender Have Gone into the Foreclosure Process, and Many are Blighted" on December 7, 2008, and refer to the article for its contents.

164.    Defendants deny the allegations in the first and second sentences of Paragraph 164, except admit that Offering Documents were issued in connection with ARSI

2006-M2, ARSI 2006-W4 and CBASS 2007-CB6 and refer to the Offering Documents for ARSI 2006-M2, ARSI 2006-W4 and CBASS 2007-CB6 for their contents.  Defendants state that the allegations in the third sentence of Paragraph 164 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 164.

165.    Defendants deny the allegations in the first sentence of Paragraph 165. Defendants deny the allegations in the second sentence of Paragraph 165, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.  Defendants deny the allegations in the third sentence of Paragraph 165, except admit that certain Defendants conducted due diligence in connections with the securitizations at issue.

166.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166.

167.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167, except admit that the Office of Inspector General of the Department of Treasury issued an audit report titled "Safety and Soundness: Material Loss Review of IndyMac Bank, FSB" on February 26, 2009, and refer to the report for its contents.

168.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168.

169.    Defendants deny the allegations in the first sentence of Paragraph 169, except admit that Offering Documents were issued in connection with INDX 2006-AR29 and refer to the Offering Documents for INDX 2006-AR29 for their contents.  Defendants state that

the allegations in the second sentence of Paragraph 169 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 169.

170.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 170. Defendants deny the allegations in the second sentence of Paragraph 170, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.  Defendants deny the allegations in the third sentence of Paragraph 170, except admit that certain Defendants conducted due diligence in connections with the securitizations at issue.

171.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171.

172.    Defendants state that the allegations of Paragraph 172 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 172.

173.    Defendants deny the allegations in the first sentence of Paragraph 173. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 173.

174.    Defendants deny the allegations in the first sentence of Paragraph 174. Defendants deny the allegations in the second and third sentence of Paragraph 174, except admit that Defendants' roles in the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.  Defendants deny the allegations in the fourth sentence of Paragraph 174.  Defendants deny the allegations in the fifth sentence of Paragraph

174, except admit that certain Defendants conducted due diligence in connections with the securitizations at issue.

      175.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third and fourth sentences of Paragraph 175. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 175, except admit that the Office of the Comptroller of the Currency published a news release with an "Index to the Worst Subprime Originators" dated November 13, 2008, and refer to the news release for its contents.

      176.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176.

      177.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177.

      178.    Defendants deny the allegations in the first sentence of Paragraph 178, except admit that Offering Documents were issued in connection with BALTA 2006-7, SAMI 2006-AR7 and SAMI 2006-AR8 and refer to the Offering Documents for BALTA 2006-7, SAMI 2006-AR7 and SAMI 2006-AR8 for their contents. Defendants state that the allegations in the second sentence of Paragraph 178 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 178.

      179.    Defendants deny the allegations in the first and second sentences of Paragraph 179, except admit that Offering Documents were issued in connection with JPMAC 2006-CW1, JPALT 2006-A2, JPALT 2006-A6 and JPALT 2006-A7 and refer to the Offering

Documents for JPMAC 2006-CW1, JPALT 2006-A2, JPALT 2006-A6 and JPALT 2006-A7 for their contents. Defendants state that the allegations in the third sentence of Paragraph 179 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 179.

180.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180.

181.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181.

182.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182.

183.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183.

184.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184.

185.    Defendants deny the allegations in the first and second sentences of Paragraph 185. Defendants deny the allegations in the third sentence of Paragraph 185, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue.

186.    Defendants deny the allegations in the first sentence of Paragraph 186, except admit that Offering Documents were issued in connection with JPMAC 2006-NC1, CBASS 2007-CB6 and RASC 2007-KS2 and refer to the Offering Documents for JPMAC 2006-NC1, CBASS 2007-CB6 and RASC 2007-KS2 for their contents. Defendants state that the allegations in the second sentence of Paragraph 186 state a legal conclusion as to which no

response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 186.

187.    Defendants deny the allegations in the first sentence of Paragraph 187, except admit that Offering Documents were issued in connection with CARR 2006-NC3 and CARR 2006-NC5 and refer to the Offering Documents for CARR 2006-NC3 and CARR 2006-NC5 for their contents.  Defendants state that the allegations in the second sentence of Paragraph 187 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 187.

188.    Defendants deny the allegations in the first sentence of Paragraph 188. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second to fourth sentences of Paragraph 188.

189.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189.

190.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190.

191.    Defendants deny the allegations in the first sentence of Paragraph 191, except admit that Offering Documents were issued in connection with CARR 2007-FRE1 and NCMT 2007-1 and refer to the Offering Documents for CARR 2007-FRE1 and NCMT 2007-1 for their contents.  Defendants state that the allegations in the second sentence of Paragraph 191 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 191.

192.     Defendants deny the allegations in the first and second sentences of Paragraph 192. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 192.

193.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193.

194.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194.

195.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195.

196.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196, except state that the Los Angeles Times published an article titled "GE Lending Unit Said to be Target of U.S. Probe" on January 20, 2012, and refer to the article for its contents.

197.     Defendants deny the allegations in the first sentence of Paragraph 197, except admit that Offering Documents were issued in connection with JPMAC 2006-WMC2, JPMAC 2006-WMC3 and WMABS 2007-HE2 and refer to the Offering Documents for JPMAC 2006-WMC2, JPMAC 2006-WMC3 and WMABS 2007-HE2 for their contents. Defendants state that the allegations in the second sentence of Paragraph 197 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 197.

198.     Defendants deny the allegations in the first sentence of Paragraph 198, except admit that Bear Stearns Residential Mortgage Corporation completed its purchase of Encore Credit Corp. in February 2007. Defendants admit the allegations in the second sentence

of Paragraph 198.  Defendants state that they are without knowledge or information sufficient to

form a belief as to the truth of the allegations in the third sentence of Paragraph 198.  Defendants

deny the allegations in the fourth sentence of Paragraph 198, except admit that certain

Defendants conducted due diligence in connection with the securitizations at issue.

   199. Defendants deny the allegations in the first and second sentences of

Paragraph 199, except admit that Offering Documents were issued in connection with BSABS

2006-EC2 and BSABS 2007-2 and refer to the Offering Documents for BSABS 2006-EC2 and

BSABS 2007-2 for their contents.  Defendants state that the allegations in the third sentence of

Paragraph 199 state a legal conclusion as to which no response is required; to the extent a

response is required, Defendants deny the allegations in the third sentence of Paragraph 199.

   200. Defendants state that they are without knowledge or information sufficient

to form a belief as to the truth of the allegations in the first sentence of Paragraph 200.

Defendants deny the allegations in the second sentence of Paragraph 200.

   201. Defendants state that they are without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 201.

   202. Defendants state that they are without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 202.

   203. Defendants state that they are without knowledge or information sufficient

to form a belief as to the truth of the allegations in the first sentence of Paragraph 203.

Defendants deny the allegations in the second and third sentences of Paragraph 203, except

admit that Offering Documents were issued in connection with JPMAC 2006-RM1 and JPMAC

2006-HE3 and refer to the Offering Documents for JPMAC 2006-RM1 and JPMAC 2006-HE3

for their contents.  Defendants state that the allegations in the fourth sentence of Paragraph 203

state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 203.

204.    Defendants deny the allegations in the first, second and fourth sentences of Paragraph 204. Defendants deny the allegations in the third sentence of Paragraph 204, except admit that certain Defendants conducted due diligence in connection with the securitizations at issue.

205.    Defendants deny the allegations in the first and second sentences of Paragraph 205, except admit that Offering Documents were issued in connection with SACO 2006-2 and NAA 2007-3 and refer to the Offering Documents for SACO 2006-2 and NAA 2007-3 for their contents. Defendants state that the allegations in the third sentence of Paragraph 205 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 205.

206.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206.

207.    Defendants deny the allegations in the first sentence of Paragraph 207, except admit that Offering Documents were issued in connection with MSST 2007-1 and refer to the Offering Documents for MSST 2007-1 for their contents. Defendants state that the allegations in the second sentence of Paragraph 207 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 207.

208.    Defendants deny the allegations in the first and second sentences of Paragraph 208. Defendants deny the allegations in the third sentence of Paragraph 208, except refer to the purported testimony record for its contents.

209.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 209.

210.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210.

211.    Defendants deny the allegations in the first sentence of Paragraph 211, except admit that Offering Documents were issued in connection with JPALT 2007-A1 and refer to the Offering Documents for JPALT 2007-A1 for their contents.  Defendants state that the allegations in the second sentence of Paragraph 211 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 211.

212.    Defendants deny the allegations in the first sentence of Paragraph 212, except admit that Offering Documents were issued in connection with CARR 2006-RFC1, NAA 2007-3 and RASC 2006-KS7 and refer to the Offering Documents for CARR 2006-RFC1, NAA 2007-3 and RASC 2006-KS7 for their contents.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second to seventh sentences of Paragraph 212.

213.    Defendants state that the allegations in the first sentence of Paragraph 213 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 213.  Defendants deny the allegations in the second to fourth sentences of Paragraph 213.

214.    Defendants deny the allegations of Paragraph 214 and the accompanying Table 9, except admit that delinquency, foreclosure, bankruptcy and repossession in the mortgage loans backing the securitizations at issue are described in the monthly remittance

reports for the securitizations made available to investors by the trustee and refer to the monthly remittance reports for their contents.

215.     Defendants deny the allegations in the first sentence of Paragraph 215. Defendants deny the allegations in the second sentence of Paragraph 215, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents. Defendants deny the allegations in the third sentence of Paragraph 215, except refer to the purported statement record for its contents.

216.     Defendants deny the allegations of Paragraph 216.

217.     Defendants state that the allegations in the first sentence of Paragraph 217 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the first sentence of Paragraph 217. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 217.

218.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218.

219.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219.

220.     Defendants deny the allegations in the first sentence of Paragraph 220. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 220.

221.    Defendants deny the allegations of Paragraph 221, except refer to the purported statement record for its contents.

222.    Defendants deny the allegations of Paragraph 222, except admit that certain Defendants provided the credit-rating agencies with information in connection with the securitizations at issue.

223.    Defendants deny the allegations of Paragraph 223.

224.    Defendants deny the allegations of Paragraph 224, except admit that the Permanent Subcommittee on Investigations of the Committee on Homeland Security and Government Affairs of the United States Senate published a majority and minority staff report titled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" on April 13, 2011, and refer to the report for its contents.

225.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225.

226.    Defendants deny the allegations in the first sentence of Paragraph 226. Defendants deny the allegations in the second sentence of Paragraph 226, except refer to the purported statement record for its contents.

227.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227, except admit that the Wall Street Journal published an article titled "Interview Excerpts: Moody's Executives" on April 11, 2008, and refer to the article for its contents.

228.    Defendants deny the allegations in the first sentence of Paragraph 228. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second to fourth sentences of Paragraph 228.

229.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229.

230.     Defendants deny the allegations in the first and second sentences of Paragraph 230. Defendants deny the allegations in the third sentences of Paragraph 230, except admit that the Wall Street Journal published an article titled "As Housing Boomed, Moody's Opened Up" on April 11, 2008, and refer the article for its contents.

231.     Defendants deny the allegations of Paragraph 231, except admit that the SEC published a "Summary Report of Issues Identified in the Commission Staff's Examinations of Select Credit Rating Agencies" dated July 2008, and refer to the report for its contents.

232.     Defendants deny the allegations in the first sentence of Paragraph 232. Defendants deny the allegations in the second to fifth sentences of Paragraph 232, except admit that the Permanent Subcommittee on Investigations of the Committee on Homeland Security and Government Affairs of the United States Senate published a majority and minority staff report titled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" on April 13, 2011, and refer to the report for its contents.

233.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233.

234.     Defendants deny the allegations in the first and second sentences of Paragraph 234, except admit that the credit ratings of the Certificates are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 234.

235.     Defendants deny the allegations of Paragraph 235, except admit that the FCIC published a report titled "The Financial Crisis Inquiry Report" in January 2011 and that the Permanent Subcommittee on Investigations of the Committee on Homeland Security and Government Affairs of the United States Senate published a majority and minority staff report titled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" on April 13, 2011, and refer to the reports for their contents.

236.     Defendants state that the allegations in the first sentence of Paragraph 236 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the first sentence of Paragraph 236. Defendants deny the allegations in the second sentence of Paragraph 236, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

237.     Defendants deny the allegations of Paragraph 237, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

238.     Defendants deny the allegations of Paragraph 238, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

239.     Defendants deny the allegations of Paragraph 239, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

240.    Defendants deny the allegations of Paragraph 240, except admit that Offering Documents were issued in connection with WMABS 2006-HE2 and refer to the Offering Documents for WMABS 2006-HE2 for their contents.

241.    Defendants deny the allegations of Paragraph 241, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

242.    Defendants deny the allegations of Paragraph 242, except admit that Offering Documents were issued in connection with JPALT 2007-A1 and refer to the Offering Documents for JPALT 2007-A1 for their contents.

243.    Defendants deny the allegations of Paragraph 243, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

244.    Defendants deny the allegations in the first sentence of Paragraph 244. Defendants state that the allegations in the second and third sentences of Paragraph 244 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the second and third sentences of Paragraph 244.

245.    Defendants state that the allegations in the first sentence of Paragraph 245 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 245. Defendants deny the allegations in the second to fifth sentences of Paragraph 245.

246.     Defendants state that the allegations of Paragraph 246 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 246.

247.     Defendants state that the allegations of Paragraph 247 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 247.

248.     Defendants deny the allegations of Paragraph 248, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

249.     Defendants deny the allegations of Paragraph 249, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

250.     Defendants deny the allegations of Paragraph 250, except admit that Offering Documents were issued in connection with  WMALT 2007-OC2 and refer to the Offering Documents for WMALT 2007-OC2 for their contents.

251.     Defendants deny the allegations of Paragraph 251, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

252.     Defendants deny the allegations of Paragraph 252, except admit that Offering Documents were issued in connection with JPALT 2007-A1 and refer to the Offering Documents for JPALT 2007-A1 for their contents.

253.    Defendants deny the allegations of Paragraph 253, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

254.    Defendants deny the allegations in the first sentence of Paragraph 254. Defendants state that the allegations in the second sentence of Paragraph 254 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 254.

255.    Defendants state that the allegations of Paragraph 255 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 255.

256.    Defendants state that the allegations of Paragraph 256 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 256.

257.    Defendants deny the allegations in the first and second sentences of Paragraph 257, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents. Defendants state that the allegations in the third sentence of Paragraph 257 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 257.

258.    Defendants deny the allegations of Paragraph 258, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

259.    Defendants deny the allegations of Paragraph 259, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

260.    Defendants deny the allegations of Paragraph 260.

261.    Defendants state that the allegations in the first sentence of Paragraph 261 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 261.  Defendants deny the allegations in the second, fourth and sixth sentences of Paragraph 261.  Defendants deny the allegations in the third sentence of Paragraph 261, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the fifth sentence of Paragraph 261, except admit that The Atlantic published an article titled "More Corruption:  Bear Stearns Falsified Information as Raters Shrugged" on May 14, 2010, and refer to the article for its contents.

262.    Defendants state that the allegations of Paragraph 262 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 262.

263.    Defendants deny the allegations in the first sentence of Paragraph 263, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.  Defendants state that the allegations in the second and fourth sentences of Paragraph 263 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs

and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the second and fourth sentences of Paragraph 263. Defendants deny the allegations in the third sentence of Paragraph 263.

264.    Defendants deny the allegations of Paragraph 264, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

265.    Defendants deny the allegations of Paragraph 265, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

266.    Defendants deny the allegations of Paragraph 266.

267.    Defendants state that the allegations in the first sentence of Paragraph 267 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 267.  Defendants deny the allegations in the second and third sentences of Paragraph 267.

268.    Defendants state that the allegations of Paragraph 268 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 268.

269.    Defendants deny the allegations of Paragraph 269, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

270.    Defendants deny the allegations of Paragraph 270.

271.    Defendants state that the allegations of Paragraph 271 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 271.

272.    Defendants state that the allegations of Paragraph 272 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations of Paragraph 272.

273.    Defendants deny the allegations of Paragraph 273, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

274.    Defendants deny the allegations of Paragraph 274, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

275.    Defendants deny the allegations of Paragraph 275, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

276.    Defendants deny the allegations of Paragraph 276.

277.    Defendants state that the allegations in the first sentence of Paragraph 277 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 277. Defendants deny the allegations in the second to fourth sentences of Paragraph 277.

278.    Defendants state that the allegations of Paragraph 278 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 278.

279.    Defendants deny the allegations of Paragraph 279, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

280.    Defendants deny the allegations of Paragraph 280, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

281.    Defendants deny the allegations of Paragraph 281, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

282.    Defendants deny the allegations of Paragraph 282, except admit that Offering Documents were issued in connection with the securitizations at issue and refer to the Offering Documents for their contents.

283.    Defendants deny the allegations of Paragraph 283.

284.    Defendants state that the allegations in the first and fourth sentences of Paragraph 284 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the first and fourth of Paragraph 284. Defendants deny the allegations in the second and third sentences of Paragraph 284.

285.    Defendants deny the allegations of Paragraph 285.

286.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 286.

287.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 287.

288.    Defendants deny the allegations of Paragraph 288.

289.    Defendants state that the allegations of Paragraph 289 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 289.

290.    Defendants deny the allegations of Paragraph 290.

291.    Defendants state that the allegations in the first sentence of Paragraph 291 purport to describe certain industry customs and practices without alleging facts specifically pertaining to Defendants, and Defendants deny that such allegations set forth a complete and accurate statement either of such industry customs and practices or of Defendants' own practices; to the extent a further response is required, Defendants deny the allegations in the first sentence of Paragraph 291.  Defendants deny the allegations in the second sentence of Paragraph 291.

292.    Defendants deny the allegations in the first sentence of Paragraph 292, except admit that certain Defendants are financial institutions and securitized mortgages from 2005 to 2007.  Defendants deny the allegations in the second sentences of Paragraph 292, except admit that Defendants' roles in connection with the securitizations at issue are described in the Offering Documents and refer to the Offering Documents for their contents.  Defendants deny the allegations in the third sentence of Paragraph 292, except admit that Defendants' personnel involved in the securitizations at issue are described in the working group lists and refer to the working group lists for their contents.

293.     Defendants deny the allegations in the first sentence of Paragraph 293. Defendants deny the allegations in the second sentence of Paragraph 293, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.  Defendants deny the allegations in the third sentence of Paragraph 293, except, to the extent that the allegations are based on the New York Times article "A Banker Speaks, With Regret" on November 30, 2011, admit that the article was published and refer to the article for its contents.

294.     Defendants deny the allegations of Paragraph 294, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

295.     Defendants deny the allegations of Paragraph 295, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

296.     Defendants deny the allegations of Paragraph 296, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identities of confidential witnesses and whether they made the statements attributed to them.

297.     Defendants deny the allegations of Paragraph 297.

298.     Defendants deny the allegations of Paragraph 298, except admit that certain Defendants received fees for the securitizations at issue.

299.     Defendants deny the allegations of Paragraph 299, except, to the extent that the allegations are based on the purported testimony mentioned in Paragraph 49, refer to the purported testimony records for their contents.

300.     Defendants deny the allegations in the first sentence of Paragraph 300. Defendants deny the allegations in the second sentence of Paragraph 300, except refer to the purported deposition transcript for its contents.

301.     Defendants deny the allegations of Paragraph 301.

302.     Defendants deny the allegations in the first and second sentences of Paragraph 302. Defendants deny the allegations in the third sentence of Paragraph 302, except admit that the credit ratings of the Certificates are described in the Offering Documents and refer to the Offering Documents for their contents. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 302.

303.     Defendants deny the allegations in the first sentence of Paragraph 303. Defendants deny the allegations in the second and third sentences of Paragraph 303, except admit that delinquency, foreclosure, bankruptcy and repossession in the mortgage loans backing the securitizations at issue are described in the monthly remittance reports for the securitizations made available to investors by the trustee and refer to the monthly remittance reports for their contents.

304.     Defendants incorporate by reference their responses to Paragraph 1 through 303, inclusive, as if fully set forth herein.

305.     Defendants state that the allegations of Paragraph 305 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 305.

306.     Defendants deny the allegations of Paragraph 306 and the accompanying chart, except admit that BSC, EMC, SAMI II and BSABS I were wholly-owned subsidiaries of BSCI.

307.     Defendants state that the allegations of Paragraph 307 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 307.

308.     Defendants state that the allegations of Paragraph 308 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 308.

309.     Defendants state that the allegations of Paragraph 309 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 309.

310.     Defendants state that the allegations of Paragraph 310 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 310.

311.     Defendants state that the allegations of Paragraph 311 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 311.

312.    Defendants state that the allegations of Paragraph 312 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 312.

313.    Defendants incorporate by reference their responses to Paragraph 1 through 312, inclusive, as if fully set forth herein.

314.    Defendants state that the allegations of Paragraph 314 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 314.

315.    Defendants deny the allegations of Paragraph 315 and the accompanying chart, except admit that JPMCBNA, JPMSL JPMAC I and JPMMAC are subsidiaries of JPMorgan Chase & Co.

316.    Defendants state that the allegations of Paragraph 316 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 316.

317.    Defendants state that the allegations of Paragraph 317 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 317.

318.    Defendants state that the allegations of Paragraph 318 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 318.

319.    Defendants state that the allegations of Paragraph 319 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 319.

320.    Defendants state that the allegations of Paragraph 320 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 320.

321.    Defendants state that the allegations of Paragraph 321 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 321.

322.    Defendants incorporate by reference their responses to Paragraph 1 through 321, inclusive, as if fully set forth herein.

323.    Defendants state that the allegations of Paragraph 323 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 323.

324.    Defendants state that the allegations of Paragraph 324 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 324.

325.    Defendants state that the allegations of Paragraph 325 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 325.

326.    Defendants state that the allegations of Paragraph 326 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 326.

327.    Defendants state that the allegations of Paragraph 327 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 327.

328.    Defendants incorporate by reference their responses to Paragraph 1 through 327, inclusive, as if fully set forth herein.

329.    Defendants deny the allegations in the first and second sentences of Paragraph 329, except admit that BSC, EMC, SAMI II and BSABS I were wholly-owned subsidiaries of BSCI.  Defendants state that the allegations in the third sentence of Paragraph 329 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 329.

330.    Defendants state that the allegations of Paragraph 330 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 330.

331.    Defendants state that the allegations of Paragraph 331 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 331.

332.    Defendants state that the allegations of Paragraph 332 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 332.

333.    Defendants state that the allegations of Paragraph 333 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 333.

334.    Defendants state that the allegations of Paragraph 334 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 334.

335.    Defendants state that the allegations of Paragraph 335 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 335.

336.    Defendants state that the allegations of Paragraph 336 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 336.

337.    Defendants incorporate by reference their responses to Paragraph 1 through 337, inclusive, as if fully set forth herein.

338.    Defendants deny the allegations in the first and second sentences of Paragraph 338, except admit that JPMCBNA, JPMSL JPMAC I and JPMMAC are subsidiaries of JPMorgan Chase & Co. Defendants state that the allegations in the third sentence of Paragraph 338 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 338.

339.    Defendants state that the allegations of Paragraph 339 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 339.

340.    Defendants state that the allegations of Paragraph 340 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 340.

341.    Defendants state that the allegations of Paragraph 341 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 341.

342.     Defendants state that the allegations of Paragraph 342 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 342.

343.     Defendants state that the allegations of Paragraph 343 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 343.

344.     Defendants state that the allegations of Paragraph 344 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 344.

345.     Defendants state that the allegations of Paragraph 345 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 345.

346.     Defendants incorporate by reference their responses to Paragraph 1 through 345, inclusive, as if fully set forth herein.

347.     Defendants state that the allegations of Paragraph 347 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 347.

348.     Defendants state that the allegations of Paragraph 348 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 348.

349.     Defendants state that the allegations of Paragraph 349 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 349.

350.    Defendants state that the allegations of Paragraph 350 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 350.

351.    Defendants state that the allegations of Paragraph 351 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 351.

352.    Defendants state that the allegations of Paragraph 352 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 352.

353.    Defendants state that the allegations of Paragraph 353 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 353.

354.    Defendants incorporate by reference their responses to Paragraph 1 through 353, inclusive, as if fully set forth herein.

355.    Defendants state that the allegations of Paragraph 355 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 355.

356.    Defendants deny the allegations in the first and second sentences of Paragraph 356, except admit that BSC, EMC, SAMI II and BSABS I were wholly-owned subsidiaries of BSCI.  Defendants state that the allegations in the third sentence of Paragraph 356 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 356.

357.    Defendants state that the allegations of Paragraph 357 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 357.

358.    Defendants state that the allegations of Paragraph 358 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 358.

359.    Defendants state that the allegations of Paragraph 359 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 359.

360.    Defendants state that the allegations of Paragraph 360 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 360.

361.    Defendants incorporate by reference their responses to Paragraph 1 through 360, inclusive, as if fully set forth herein.

362.    Defendants state that the allegations of Paragraph 362 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 362.

363.    Defendants deny the allegations in the first and second sentences of Paragraph 363, except admit that JPMCBNA, JPMSL JPMAC I and JPMMAC are subsidiaries of JPMorgan Chase & Co.  Defendants state that the allegations in the third sentence of Paragraph 363 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 363.

364.    Defendants state that the allegations of Paragraph 364 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 364.

365.    Defendants state that the allegations of Paragraph 365 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 365.

366.    Defendants state that the allegations of Paragraph 366 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 366.

367.    Defendants state that the allegations of Paragraph 367 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 367.

368.    Defendants incorporate by reference their responses to Paragraph 1 through 367, inclusive, as if fully set forth herein.

369.    Defendants state that the allegations of Paragraph 369 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 369.

370.    Defendants state that the allegations of Paragraph 370 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 370.

371.    Defendants state that the allegations of Paragraph 371 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 371.

372.    Defendants state that the allegations of Paragraph 372 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 372.

373.    Defendants incorporate by reference their responses to Paragraph 1 through 372, inclusive, as if fully set forth herein.

374.    Defendants state that the allegations of Paragraph 374 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 374.

375.    Defendants state that the allegations of Paragraph 375 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 375.

376.    Defendants state that the allegations of Paragraph 376 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 376.

377.    Defendants state that the allegations of Paragraph 377 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 377.

378.    Defendants state that the allegations of Paragraph 378 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 378.

379.    Defendants state that the allegations of Paragraph 379 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 379.

380.     Defendants state that the allegations of Paragraph 380 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 380.

381.     Defendants state that the allegations of Paragraph 381 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 381.

382.     Defendants state that the allegations of Paragraph 382 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 382.

383.     Defendants state that the allegations of Paragraph 383 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 383.

384.     Defendants incorporate by reference their responses to Paragraph 1 through 383, inclusive, as if fully set forth herein.

385.     Defendants deny the allegations of Paragraph 385, except admit that JPMorgan Chase & Co. and BSCI entered into an Agreement and Plan of Merger on March 16, 2008, and refer to the Agreement and Plan of Merger for its contents.

386.     Defendants deny the allegations of Paragraph 386, except refer to the purported press release for its contents.

387.     Defendants deny the allegations in the first and second sentences of Paragraph 387, except admit that JPMorgan Chase & Co. is a direct parent of BSCL and indirect parent of EMC, SAMI II and BSABS.  Defendants deny the allegations in the third and fourth sentences of Paragraph 387, except admit that the New York Times published an article titled

"JPMorgan Dominates Management after Bear Stearns Merger" on April 6, 2008, and refer to the article for its contents.

388.    Defendants deny the allegations in the first sentence of Paragraph 388, except admit that BSC merged with and into J.P. Morgan Securities, Inc., now known as J.P. Morgan Securities LLC.  Defendants deny the allegations in the second sentence of Paragraph 388, except refer to the annual report for its contents.

389.    Defendants deny the allegations of Paragraph 389, except admit that the website www.bearstearns.com now redirects visitors to www.jpmorgansecurities.com/pages/am/securities/home.

390.    Defendants state that the allegations of Paragraph 390 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 390.

391.    Defendants state that the allegations of Paragraph 391 state a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 391.

Defendants state that no response is required to the remainder of the Amended Complaint, which sets forth Plaintiffs' prayer for relief and judgment.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief and judgment mentioned therein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses.  In asserting these defenses, Defendants do not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.

## FIRST DEFENSE

Plaintiffs' Amended Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing, as Plaintiffs have not suffered an injury-in-fact caused by the challenged conduct that is likely to be redressed by a favorable decision of the Court.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants made no material misrepresentations or omissions of fact in any communication with Plaintiffs and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact by others.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not pled fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs failed to specify the statements that Plaintiffs contend were fraudulent, failed to identify the speaker and where and when the statements were made and failed to explain why the statements were fraudulent.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because Defendants did not act with the requisite scienter and acted at all times in good faith, with a reasonable basis and exercised reasonable diligence, in accordance with applicable law, and without knowledge of any wrongful acts or intent.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because Plaintiffs did not actually or directly rely on the alleged misrepresentations or omissions to purchase the Certificates.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because Plaintiffs could not have reasonably or justifiably relied on the alleged misrepresentations or omissions. By virtue of their status as sophisticated investors, Plaintiffs had an independent duty to perform due diligence with regard to their investments and Plaintiffs failed to exercise due diligence in purchasing the Certificates.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there is no causal relationship between the alleged misrepresentations or omissions and Plaintiffs' purchases of the Certificates, and Plaintiffs' purchases were not effected by means of the alleged misrepresentations or omissions.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, to the extent Plaintiffs have suffered injury or loss, all or part of the losses were not proximately caused by any alleged misrepresentations or omissions attributable to Defendants and/or resulted from causes other

than any alleged misrepresentations or omissions attributable to Defendants, including market forces and intervening acts beyond the control of the Defendants.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not have actual knowledge of any alleged material misrepresentations or omissions of fact.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not substantially assist in any alleged commission of fraud.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants and Plaintiffs were not in a special or privity-like relationship and Defendants had no duty to disclose to Plaintiffs any facts that were allegedly not disclosed.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the substance of the information that Plaintiffs allege to have been misrepresented or omitted was, in fact, disclosed in the Offering Documents for the Certificates and other public filings, was otherwise publicly available, or widely known to the market and to the investing community.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased with actual or constructive knowledge of the risks disclosed in the Offering Documents, or actual or constructive knowledge of adverse events in the market, and thus assumed the risks that there would be deterioration or further deterioration in the price or value of the Certificates, such that their damages are not recoverable as a matter of law.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations are accompanied by meaningful cautionary language that fully warned Plaintiffs of all the risks they allege were misrepresented or omitted.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations are nonactionable expressions of opinion that Plaintiffs cannot prove were not truly held at the time they were made.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have incurred no legally cognizable injury or damages.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages are speculative.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to undertake reasonable efforts to mitigate any alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, to the extent that Plaintiffs incurred any injury or damage as alleged in the Amended Complaint, which Defendants deny, any such injury or damage was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than Defendants and, as such, any recovery

herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages recoverable by Plaintiffs must be reduced by the amount of payments received and to be received in the future by Plaintiffs under the terms of the Certificates they purchased.

### TWENTY-THIRD DEFENSE

Plaintiffs would be unjustly enriched if they were permitted to obtain any recovery in this action.

### TWENTY-FOURTH DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the Amended Complaint by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the Amended Complaint.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are time-barred by the applicable statute or statutes of limitations or repose.

### TWENTY-SIXTH DEFENSE

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous and confusing. Defendants reserve the right to request a more definite statement.

### TWENTY-SEVENTH DEFENSE

Defendants are entitled to receive indemnification or contribution from others if Defendants were to incur liability as a result of this action.

### TWENTY-EIGHTH DEFENSE

Plaintiffs are barred from recovery, in whole or in part, by the doctrine of waiver because Plaintiffs purchased the Certificates with actual knowledge of the underwriting and due diligence standards that were applied to the underlying loans.

### TWENTY-NINTH DEFENSE

Plaintiffs are barred from recovery, in whole or in part, by the doctrine of laches because Plaintiffs inexcusably delayed investigating any claims.

### THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel because Plaintiffs had full, complete, accurate and contemporaneous knowledge of the risks complained of in the Amended Complaint.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands because Plaintiffs purchased the Certificates with actual knowledge of the underwriting and due diligence standards that were applied to the underlying loans at issue.

### THIRTY-SECOND DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Defendants in the proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiffs.

### THIRTY-THIRD DEFENSE

If and to the extent the statements at issue are found to contain any misrepresentation or omission of material fact (which Defendants deny), Plaintiffs' claims are barred, in whole or in part, because at the time they purchased each Certificate, Plaintiffs knew,

or should have known, of such alleged misstatements or omissions in the Offering Documents for the subject securities.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred because Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the Amended Complaint to have been misrepresented or omitted from the Offering Documents for the subject securities. After reasonable investigation, Defendants had reasonable grounds to believe and did believe that the statements contained in the Offering Documents for the subject securities were true as of the date they were made and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading. Stated differently, Defendants did not know, and, in the exercise of reasonable care, could not have known, of the purported untruths or omissions alleged in the Amended Complaint.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims fail because Defendants were neither negligent in obtaining nor negligent in communicating any information to Plaintiffs.

## THIRTY-SIXTH DEFENSE

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation and will withdraw, amend or modify its Answer accordingly. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.     Dismissing with prejudice all claims set forth in the Amended Complaint; and

2.     For such other and further relief as this Court deems just and proper, including, but not limited to, costs and reasonable attorneys' fees incurred by Defendants in defending this action, plus interest on any sums awarded thereunder.

New York, New York

October 11, 2012

CRAVATH, SWAINE & MOORE LLP,

by

_____
                s/ Daniel Slifkin
                Daniel Slifkin
                J. Wesley Earnhardt
                Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dslifkin@cravath.com
wearnhardt@cravath.com

*Attorneys for Defendants Bear Stearns & Co. Inc. (now known as J.P. Morgan Securities LLC), The Bear Stearns Companies, Inc. (now known as The Bear Stearns Companies LLC), Bear Stearns Asset Backed Securities I LLC, EMC Mortgage LLC (f/k/a EMC Mortgage Corporation), Structured Asset Mortgage Investments II Inc., J.P. Morgan Acceptance Corporation I, J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC (f/k/a JPMorgan Securities Inc.), WaMu Asset Acceptance Corp., WaMu Capital Corp., Washington Mutual Mortgage Securities Corp., JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A.*