UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DEXIA SA/NV; DEXIA HOLDINGS, INC.;  :
FSA ASSET MANAGEMENT LLC; DEXIA     :
CRÉDIT LOCAL SA,                    :
                                    :
        Plaintiffs,                 :
                                    :
        -v-                         :        12 Civ. 4761 (JSR)
                                    :
                                    :        OPINION AND ORDER
BEAR, STEARNS & CO., INC.; THE BEAR :
STEARNS COMPANIES, INC.; BEAR       :
STEARNS ASSET BACKED SECURITIES I   :
LLC; EMC MORTGAGE LLC (f/k/a EMC    :
MORTGAGE CORPORATION); STRUCTURED   :
ASSET MORTGAGE INVESTMENTS II INC.; :
J.P. MORGAN ACCEPTANCE CORPORATION  :
I; J.P. MORGAN MORTGAGE ACQUISITION :
CORPORATION; J.P. MORGAN SECURITIES :
LLC (f/k/a JPMORGAN SECURITIES INC.):
WAMU ASSET ACCEPTANCE CORP.; WAMU   :
CAPITAL CORP.; WAMU MORTGAGE        :
SECURITIES; JPMORGAN CHASE & CO.;   :
and JPMORGAN CHASE BANK, N.A.,      :
                                    :
        Defendants.                 :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        Those who don't believe in ghosts have never been in court,

where legal claims are regularly seen rising from the grave. This is

a case in point.

        On January 19, 2012, plaintiffs Dexia SA/NV, Dexia Holdings,

Inc., FSA Asset Management LLC ("FSAM"), and Dexia Crédit Local SA

filed this action in the Supreme Court of the State of New York, New

York County, alleging state law claims of fraud, fraudulent

inducement, aiding and abetting fraud, negligent misrepresentation

and successor liability against the thirteen defendants. Plaintiffs

filed an Amended Complaint in state court on May 18, 2012, alleging the same claims.

On June 18, 2012, defendants filed a Notice of Removal, claiming federal jurisdiction under both the Edge Act, 12 U.S.C. § 632, and the Court's bankruptcy jurisdiction, 28 U.S.C. § 1334(b). On July 18, 2012, plaintiffs filed a motion to remand the action back to New York state court. By a "bottom line" Order dated September 11, 2012, the Court denied plaintiffs' motion to remand, and the Court elaborated its reasons for that decision in a Memorandum dated February 21, 2013. See Order, No. 12 Civ. 4671, ECF No. 24 (S.D.N.Y. Sept. 11, 2012); Memorandum ("Remand Mem."), No. 12 Civ. 4671, ECF No. 51 (S.D.N.Y. Feb. 21, 2013). On April 3, 2013, the Court issued another "bottom line" Order granting summary judgment to the defendants on all claims made by plaintiffs Dexia SA/NV, Dexia Holdings, Inc., and Dexia Crédit Local SA, but allowing FSAM to pursue its claims relating to five of the residential mortgage-backed securities ("RMBS") certificates it purchased. See Order, No. 12 Civ. 4671, ECF No. 56 (S.D.N.Y. Apr. 3, 2013). The Court assumes familiarity with the underlying case and reiterates its facts only as necessary to decide the instant issue.

Defendants removed this case from state court primarily on the basis of jurisdiction under the Edge Act, which provides subject matter jurisdiction over civil actions in which a nationally chartered bank is a party and which "aris[es] out of transactions involving international or foreign banking, or banking in a

dependency or insular possession of the United States." See 12
U.S.C. § 632. In its Memorandum denying plaintiffs' motion to
remand, the Court noted the following facts: of the nearly 250,000
mortgages underlying the RMBS certificates in this case, eighteen
were loans on properties located in the Virgin Islands, an insular
possession of the United States. See Notice of Removal ¶ 24 & Ex. 5
at A-2, No. 12 Civ. 4671, ECF No. 1 (S.D.N.Y. filed June 18, 2012).
Defendant JPMorgan Chase Bank, N.A., is a national bank chartered
under federal law, and the eighteen Virgin Islands properties were
securitized in the "JPALT 2006-A7" RMBS, for which JPMorgan Chase
Bank's wholly-owned subsidiary had acted as sponsor and seller. See
Am. Cmplt. ¶¶ 26, 28. Based on these facts, the Court determined
that it had subject matter jurisdiction to hear this case under the
Edge Act, finding it "irrelevant whether JPMorgan Chase Bank itself
issued the mortgages" because "JPMorgan Chase Bank would face
liability on the international banking transactions that supply
jurisdiction under the Edge Act." Remand Mem. at 5.

On April 19, 2013, the Court of Appeals for the Second Circuit
issued a decision overturning, in a similar case, a finding of
jurisdiction under the Edge Act. See Am. Int'l Grp., Inc. v. Bank of
Am. Corp., No. 12-1640-cv, 2013 WL 1689066 (2d Cir. Apr. 19, 2013).
In that opinion, the Court of Appeals found that "in order for [the
Edge Act's] grant of federal jurisdiction and removability to apply,
the suit must have a federally chartered corporation as a party, and
the suit must arise out of an offshore banking or financial

3

transaction of that federally chartered corporation." 2013 WL
1689066, at *7 (emphasis added). Recognizing that this decision
might have implications for this Court's assertion of jurisdiction
in the instant case, on April 22, 2013, the Court ordered the
parties to address the question "whether this Court may properly
retain jurisdiction over this case or must remand to state court and
whether, if remand is required, the Court's Order of April 2, 2013
granting partial summary judgment to defendants is now null and
void." Order at 2, No. 12 Civ. 4761, ECF No. 60 (S.D.N.Y. Apr. 22,
2013); see also 28 U.S.C. § 1447(c) ("If at any time before final
judgment it appears that the district court lacks subject matter
jurisdiction, the case shall be remanded."). For the following
reasons, the Court hereby finds that it lacks jurisdiction to hear
this case under the Edge Act, remands the action to the Supreme
Court of the State of New York, and vacates its summary judgment
Order.

It is uncontested that the eighteen mortgages issued on
properties in the Virgin Islands were originated by non-party
Flagstar Bank FSB, not by JPMorgan Chase Bank, the only federally
chartered party to which Edge Act jurisdiction might apply.
Nevertheless, defendants contend that JPMorgan Chase Bank's
subsidiaries were engaged in other transactions involving
international banking, which defendants claim is sufficient for Edge
Act jurisdiction. In particular, defendants note that JPMorgan Chase
Bank, through its wholly-owned subsidiary J.P. Morgan Mortgage

Acquisition Corp., served as the sponsor and seller of the JPALT
2006-A7 securitization, in which role it evaluated, selected and
purchased the mortgages to be included in the securitization.
Similarly, Chase Home Finance LLC, another wholly-owned subsidiary
of JPMorgan Chase Bank, was the servicer of the eighteen Virgin
Islands mortgages, in which capacity Chase received monthly payments
from the borrowers on the underlying mortgages. See Decl. of Hector
J. Valdes dated Apr. 29. 2013, Ex. 2 at S-64-S-66 & Ex. 3.
Defendants claim that these transactions involve international
banking as required by the Edge Act: if granting a mortgage on a
property located in a territorial jurisdiction constitutes
international banking, see Remand Mem. at 3, then, the argument
goes, the servicing of that loan and the subsequent purchase and
sale of the mortgage should also constitute international banking,
as these transactions facilitate the offshore mortgage transactions.

        Even if this argument were persuasive (but see below), it comes
too late. In their notice of removal, defendants expressly premised
their claim of Edge Act jurisdiction solely on the fact that "18
properties underlying the loans . . . were originated in the Virgin
Islands." See Notice of Removal ¶ 24. Thus, the Court may not for
jurisdictional purposes consider the defendants' newly referenced
transactions, for, "[i]n determining whether jurisdiction is proper,
[courts] look only to the jurisdictional facts alleged in the
Notice[] of Removal." In re Methyl Tertiary Butyl Ether ("MTBE")
Products Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). Thus,

because defendants relied solely on the origination of the eighteen Virgin Islands mortgages to support removal under the Edge Act, and those loans were not originated by JPMorgan Chase Bank, this case does not "arise out of" any "offshore banking or financial transaction of [the] federally chartered corporation." Am. Int'l Grp., 2013 WL 1689066, at *7.

Furthermore, even if these new transactions were to be considered, JPMorgan Chase Bank itself did not act as sponsor or servicer; rather, its domestic subsidiaries, J.P. Morgan Mortgage Acquisition Corp. and Chase Home Finance LLC, performed those functions.  Although the Court of Appeals held that "§ 632's grant of federal jurisdiction applies not only when the federally chartered corporation itself engaged in the offshore banking transaction, but also when that transaction was done by the corporation's foreign or territorial agency, branch, or subsidiary," Am. Int'l Grp., 2013 WL 1689066, at *4 (emphasis added), this Court will not extend the plain language of the statute to include transactions of domestic affiliates, which are themselves separate corporations not covered by the Edge Act. Accordingly, because JPMorgan Chase Bank did not itself engage in the foreign banking transactions on the basis of which the defendants sought removal, the Court cannot exercise jurisdiction over this case under the Edge Act.

As noted above, the defendants initially removed this case on the basis of both Edge Act jurisdiction and "related to" bankruptcy

jurisdiction under 28 U.S.C. § 1334(b), as the defendants claim to have contractual indemnification and contribution rights against the depositors and sponsors of the securitizations at issue in this case, thirteen of which are currently in bankruptcy proceedings. Notice of Removal ¶ 14. In the initial briefing on the motion to remand, plaintiffs responded by asserting that, even if the Court did have "related to" bankruptcy jurisdiction, the case should nonetheless be remanded under the mandatory remand provisions of § 1334(c)(2). See Allstate Ins. Co. v. Ace Sec. Corp., No. 11 Civ. 1914, 2011 WL 3628852, at *6 (S.D.N.Y. Aug. 17, 2011) (Section 1334(c)(2) "requires district courts to abstain from hearing a case if '(1) the motion was timely brought; (2) the proceeding in federal court is based upon a state law claim; (3) the proceeding is related to a bankruptcy proceeding, but does not arise under title 11 or arise in a title 11 case; (4) section 1334 is the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court.'" (quoting Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., 337 B.R. 22, 26 (S.D.N.Y. 2005))).

Here, the parties concede that plaintiffs' motion to remand was timely; plaintiffs commenced their action in state court, bringing only state law claims; the case is not a "core" bankruptcy proceeding; and the New York Supreme Court could timely adjudicate this case. Thus, as recognized in the Court's earlier Memorandum, "even assuming that this case is related to the pending bankruptcy

proceedings, the parties effectively concede that the application of the mandatory remand provision . . . turns on whether this Court can exercise jurisdiction under the Edge Act." Remand Mem. at 7 n.1. Since the Court finds that it does not have jurisdiction under the Edge Act, the Court does not reach the issue of "related to" bankruptcy jurisdiction because the Court would be required remand the case pursuant to 28 U.S.C. § 1334(c)(2) in any case.

Finally, the Court turns to the question of whether its summary judgment bottom-line Order must be vacated. As a general rule, decisions on the merits made in the absence of subject matter jurisdiction are null and void. See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 671 F.3d 261, 271 (2d Cir. 2012) (per curiam) (vacating summary judgment and ordering remand where the district court was required to abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(2)); City of Rome, N.Y. v. Verizon Commc'ns, Inc., 362 F.3d 168, 174 (2d Cir. 2004) (vacating summary judgment and stating that "[b]ecause we agree that federal jurisdiction does not lie, we decline to reach the merits, and instead remand to the district court with instructions to remand the case to state court").

Defendants argue that the unique circumstances of this case allow this Court to decide the summary judgment motion before remanding the case. Because the Court's summary judgment Order was a bottom-line order with opinion to follow, it did not enumerate the grounds for the Court's decision. Nonetheless, based on the

arguments made in the motion for summary judgment, defendants correctly surmise that the Court found that FSAM had failed to validly assign its fraud claims to the other three plaintiffs, and that FSAM has already recovered the full purchase price for 60 of the 65 certificates at issue, negating its claim of injury for all but five certificates. Defendants further claim that such issues are questions of "standing" and that Article III standing itself is a matter of subject matter jurisdiction. See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005). Therefore, because "a federal court has jurisdiction to determine its own jurisdiction," In re Zyprexa Products Liab. Litig., 594 F.3d 113, 126 (2d Cir. 2010) (per curiam), and because "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits," Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007), defendants argue that the Court should make the findings necessary to decide these issues and remand the case to state court only as to the five certificates that would then remain.

The Court declines to take the defendants' suggested approach. As an initial matter, it is not clear to the Court whether these issues are questions of standing or questions going to the merits of the plaintiffs' claims.[1] But assuming these issues were questions of standing and jurisdiction, the Court's resolution of such issues

---

[1] The Court also has doubts whether all issues that arise under the broad rubric of "standing" are always equatable with issues of jurisdiction, but need not reach that question here.

raise difficult questions of state law that are more appropriately decided by a state court in these unusual circumstances. By contrast, the question of the Court's jurisdiction under the Edge Act is a straightforward question of subject matter jurisdiction under a federal statute. Thus, the Court finds that the more prudent course is to remand the case for lack of jurisdiction under the Edge Act and to vacate its summary judgment Order. Cf. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999) ("Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.").

Accordingly, the Court hereby vacates its April 3, 2013 summary judgment bottom-line Order because it was entered when the Court lacked subject matter jurisdiction to hear this case. The Clerk of the Court is directed to remand this case to the Supreme Court of the State of New York.

SO ORDERED.

Dated: New York, NY
May 17, 2013

JED S. RAKOFF, U.S.D.J.